UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN LARSEN and CHRISTOPHER MANICH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 11 C 1701 |
| CLEARCHOICE MOBILITY, INC., and CHRISTOPHER GIULIANO, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiffs Brian Larsen's ("Larsen") and Christopher Manich's ("Manich") (collectively, "Plaintiffs") motion for conditional certification of a putative class action and approval of Plaintiffs' proposed notice to potential class members. For the reasons set forth below, the motion for conditional certification is granted and the approval of the proposed notice is granted.

## BACKGROUND

Defendant Christopher Giuliano is the President of Defendant Clearchoice Mobility, Inc. ("Clearchoice") (collectively, "Defendants"), a corporation in the business of providing wireless telephone services, products, and accessories in Illinois. Larsen and Manich were employed by Clearchoice as retail sales consultants. Plaintiffs

allege that during their employment they typically worked five days a week and were paid hourly. Plaintiffs further allege that Defendants implemented, in violation of the Fair Labor Standards Act ("FLSA"), uniform policies, practices, and schemes that deprived Plaintiffs and other similarly situated sales consultants of regular wages, commission pay, and overtime compensation.

On March 11, 2011, Plaintiffs filed suit against Defendants, asserting violations of the FLSA based on Defendants' failure to pay wages, overtime pay, and other benefits. In addition, Plaintiffs assert state law claims under the Illinois Wage Payment and Collection Act and the Illinois Minimum Wage Law. Plaintiffs filed this action on behalf of themselves and of a putative class of similarly situated individuals. Since the filing of the complaint, seven additional former retail sales consultants have filed a consent-to-join form to become plaintiffs in the present suit. Plaintiffs now move, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), for conditional class certification and for the Court's authorization to serve notice to potential class members. Plaintiffs seek to send notice to at least 50 similarly situated individuals who work, or have worked, for Clearchoice and were subject to Clearchoice's alleged company-wide unlawful practices.

**LEGAL STANDARD**

Under the FLSA, non-exempt employees are entitled to receive overtime pay for hours they work in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). Plaintiffs may

bring an FLSA overtime wage claim through a "collective action" on behalf of themselves and similarly situated workers. 29 U.S.C. § 216(b); *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010). Unlike in a typical class action, which includes plaintiffs who meet the class definition and do not opt out, "plaintiffs who wish to be included in a collective action must affirmatively opt in to the suit by filing a written consent with the court." *Id.*

Most courts in the Northern District of Illinois use a two-step process to determine how an FLSA collective action should proceed. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008). First, the plaintiff is required to make only "a modest factual showing" that other potential class members are similarly situated. *Persin v. Careerbuilder, LLC*, No. 05 C 2347, 2005 WL 3159684, at *4 (N.D. Ill. Nov. 23, 2005). In other words, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Jirak*, 566 F. Supp. 2d at 848. If the plaintiff meets this light burden, the court conditionally certifies the class, and notice is sent to potential class members, giving them an opportunity to opt into the suit. *Id.* At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits. *Marshall v. Amsted Indus., Inc.*, No 10 C 11, 2010 WL 2404340, at *5 (S.D.Ill. June 16, 2010). Second, after the parties have conducted discovery and the opt in process is completed, the court

reaches the merits of the case and re-evaluates certification under a more rigorous standard. *Id.* With these principles in mind, we turn to Plaintiffs' motion.

## DISCUSSION

### I. Modest Factual Showing

Clearchoice argues that Plaintiffs have failed to make a modest showing that other employees are similarly situated because Plaintiffs have failed to specify which practices or policies were allegedly unlawfully implemented. Plaintiffs respond that, aside from the fact that discovery has not yet commenced, they have offered comprehensive evidence to establish that they are similarly situated to other former or current retail sales consultants.

For potential claimants to be similarly situated to the plaintiffs in a FLSA collective action, "a plaintiff need only demonstrate a factual nexus that binds potential members . . . together." *Riddle v. Nat'l Sec. Agency*, No. 05 C 5880, 2007 WL 2746597, at *5 (N.D. Ill. Sept. 13, 2007). A plaintiff cannot rely on allegations alone to make the required "modest factual showing" of a factual nexus binding potential claimants together. *Molina v. First Line Solutions, LLC*, 566 F. Supp. 2d 770, 787 (N.D. Ill. 2007). Although a plaintiff need not provide conclusive support, a plaintiff must still provide a "declaration [] or other support beyond allegations [] to make a minimal

showing of other similarly situated employees subjected to a common policy." *Id.* at 786.

In their complaint, Larsen and Manich allege that Defendants failed to pay them and putative class members premium pay for overtime hours, (2) automatically deducted minutes of pay for meal breaks irrespective of whether the break was taken, (3) required them to attend, without pay, meetings and conference calls, (4) made improper deductions from commissions' pay, and (5) withheld earned commissions from retail consultants who separated from employment with Clearchoice. Plaintiffs further allege that Defendants failed to keep accurate records of the personnel's working hours and implemented uniform policies, practices, and schemes that deprived Plaintiffs and other class members of regular wages, commission pay, and overtime compensation.

In support of their motion, Larsen and Manich have provided two sworn declarations. In the declarations, Larsen and Manich allege that, while employed by Clearchoice, they worked with 10 or 11 other retail sales consultants with whom they interacted on a daily basis and who sold wireless service, products, and accessories and were paid an hourly rate plus commission. Plaintiffs further declare that all of them were subjected, among other things, to Clearchoice's policies and practices of failing to pay wages, overtime pay, earned commission pay, and of requiring them to attend, without pay, conference calls and meetings. Based on the record before us, we conclude

that Plaintiffs have made a modest factual showing sufficient to demonstrate a factual nexus binding the Plaintiffs to other similarly situated individuals and that all of them could be victims of a common policy or plan that violates the FLSA.

## II. Notification Procedure

### A. Statute of Limitations

Clearchoice first asks the Court to delay the notification procedure to potential opt-in plaintiffs until discovery has been completed and a better case can be presented by the Plaintiffs. Plaintiffs retort that other putative plaintiffs could suffer irreparable harm if they are not provided with notice of their potential FLSA claims before the statute of limitations expires. With respect to an opt-in plaintiff, an action is not commenced until his or her consent is filed. *Threatt v. Residential CRF, Inc*., No. 05 C 117, 2005 WL 2454164, at *3 (N.D. Ind. Oct. 4, 2005). Because delaying the notification procedure until the completion of discovery could have the undesirable effect of preventing potential opt-in plaintiffs from presenting their FLSA claims, the Court declines to delay the notification procedure.

### B. Adequacy of the Notice

The form of notice proposed by the Plaintiffs appears to be accurate, fair, and complete. The Defendants have neither proffered their own to this Court nor, apparently, accepted Plaintiffs' counsel's invitation to coordinate an agreed form of

notice. Consequently, the form of notice tendered with Plaintiffs' motion for conditional certification is granted.

## CONCLUSION

Based on the foregoing analysis, the motion for conditional certification is granted; approval of the proposed notice is also granted.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated:   July 25, 2011