IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LARSEN and CHRISTOPHER MANICH, Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:11-CV-01701 |
| v. ) ) ) | Magistrate Judge Arlander Keys |
| CLEARCHOICE MOBILITY, INC. CHRISTOPHER GIULIANO and THOMAS GIULIANO ) ) ) ) | |
| Defendants. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs, BRIAN LARSEN and CHRISTOPHER MANICH (collectively, "Plaintiffs"), and Defendants, CLEARCHOICE MOBILITY, INC. CHRISTOPHER GIULIANO AND THOMAS GIULIANO (collectively "Defendants"), hereby jointly seek approval of the parties' Confidential Settlement Agreement and Release. The parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

1. On March 11, 2011, the Named Plaintiffs filed an action captioned *Larsen, et al. v. Clearchoice Mobility, Inc. et al*, No. 11-cv-1701, in the United States District Court for the Northern District of Illinois (the "Action").

2. In the Action, the Named Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* The Named Plaintiffs sought unpaid overtime, improper deductions, liquidated damages, interest, attorney's fees and costs, and other relief on his own behalf and on behalf of a putative collective class of Defendants'

employees. The claims in the Action are based on Defendants' alleged failure to pay an overtime premium for all time worked over 40 hours per week as well as their alleged improper deductions time worked.

3. On July 25, 2011, the Court partially granted Plaintiff's Rule 216(b) Motion and conditionally certified a class of cable technicians formerly employed by Clearchoice. Thereafter, notice and opt-in consent forms were sent to the putative members of the conditionally certified class. In addition to the named Plaintiffs, a total of 40 additional Plaintiffs joined the case by timely submitting their signed opt-in consent forms.

4. The parties conducted extensive discovery both before and after the Court's Order granting conditional certification of the collective class. Parties produced relevant documents, as well as electronic records that included, but were not limited to, time, compensation, and payroll records for the Plaintiffs. Plaintiffs took two depositions of the key administrative persons for Defendants, and Defendants took the deposition of the named Plaintiff, Brian Larsen in addition to receiving answers to interrogatories and documents from both named Plaintiffs.

5. The Parties have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the Parties.

6. The Parties have agreed to keep the terms of the settlement confidential, and thus, request leave to present their Confidential Settlement Agreement and Release for the Court's *in camera* review and approval at the hearing on this motion.

7. The Parties now request an order approving this FLSA settlement as fair and reasonable.

Dated: March 16, 2012        **STEPHAN ZOURAS, LLP**

By /s/ Ryan F. Stephan
    Ryan F. Stephan
    James B. Zouras
    205 N. Michigan, Suite 2560
    Chicago, Illinois 60601

*Attorneys for Plaintiffs*

**ROBBINS, SALOMON & PATT, LTD.**

By /s/ Arthur F. Radke
    Arthur F. Radke
    25 E. Washington Street
    Suite 1000
    Chicago, IL 60602

*Attorneys for Defendants*